IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK WHITFIELD, ET AL.,              *
                                     *
            Plaintiffs,              *
                                     *
vs.                                  *        No. 4:07CV01206 SWW
                                     *
TRIAD TRANSPORT, INC. and            *
RANDY HIXON,                         *
                                     *
            Defendants.              *
                                     *

**Memorandum Opinion and Order**

On May 12, 2007, a series of explosions and a fire took place at defendants' hazardous

waste facility in Saline County, Arkansas.  Plaintiffs are residents of Saline County who owned,

rented, or otherwise occupied real property and who were subject to physical evacuation and

suffered injury to their persons or property as a result of the explosions and fire and the long-

standing migration of offensive and noxious substances and/or odors from the facility.  Compl. at

¶ 2.  Defendant Randy Hixon manages the operation of separate defendant Triad Transport,

Inc.'s facility.

Plaintiffs filed a complaint in Saline County Circuit Court on November 13, 2007,

alleging state law claims based on negligence, absolute liability, nuisance, and trespass.

Defendants removed the action to federal court on December 20, 2007, arguing that plaintiffs'

complaint turns on issues of federal law and the injunction plaintiffs seek can only be granted by

utilizing precise and specific federal laws and regulations.  Plaintiffs filed a motion to remand to

which defendants responded.  For the reasons stated below, the motion to remand is granted.

As the removing party, defendant carries the burden of establishing federal jurisdiction,

and the court must resolve all doubts about federal jurisdiction in favor of remand.  *In re Bus. Men's Assurance Co. of America.*, 992 F.2d 181, 183 (8th Cir. 1993).  "A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arose under federal law. *See* 28 U.S.C. § 1441(b).  A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Crews v. Gen. Am. Life Ins. Co.,* 274 F.3d 502, 504 (8th Cir. 2001).

Plaintiffs allege defendants failed to properly characterize, package, handle, ship, label and identify the nature and characteristics of the chemicals being shipped to the facility; failed to warn of, label, identify and separate incompatible wastes that are shipped to the facility to prevent them from igniting or exploding; improperly designed, constructed, or operated the facility; emitted, released, or discharged hazardous wastes; failed to warn plaintiffs of that discharge or release; and failed to adequately abate or remediate plaintiffs' property.  Compl. at ¶ 10.  In their notice of removal, defendants contend the Court has original jurisdiction because "[p]laintiffs' claims must be consistent with the controlling provisions of the Hazardous Materials Transportation Act and regulations issued pursuant thereto."  Defendants further argue plaintiffs' claims against Triad Transport, Inc. are regulated and controlled by the Resource Conservation and Recovery Act, and any injunctive relief sought by plaintiffs "inextricably will involve the Court's fashioning a remedy under or controlled by these federal statutes and related federal regulations."  *See* docket entry 1, ¶ 7.

> Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case. That said, the Supreme Court has recognized a corollary to the well-pleaded complaint rule known as the complete preemption doctrine.  Under this doctrine, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a

federal claim, and therefore arises under federal law.'  The complete preemption
doctrine applies only when a federal statute possesses " 'extraordinary pre-
emptive power,' a conclusion courts reach reluctantly." Congressional intent is
the touchstone of the complete preemption analysis. We must determine whether
Congress has clearly manifested an intent to make a cause of action pleaded under
state law removable to federal court, mindful that in the ordinary case federal
preemption is merely a defense to a plaintiff's lawsuit.

*Magee v. Exxon Corp.,* 135 F.3d 599, 601-02 (8th Cir. 1998)(citations omitted).

The Court finds defendants fail to show that federal law preempts the plaintiffs' causes of

action.  The Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5101 *et seq.*, has a

preemption clause,[1] but in its 30-year history, it has never been held to completely preempt state

common law claims.  *Orellana v. Boro-Wide Recycling Corp.,* 2007 WL 4442443 (N.Y.Sup.Ct.

Dec. 19, 2007).

The cases in which courts have addressed the preemption issue have held that the
HMTA is intended to and is limited to regulating the shipment or transport of
hazardous materials in commerce and does not regulate the end use of a
hazardous substance. Here, there is no overlap between the HMTA and plaintiffs'
action because the HMTA does not even attempt to regulate failure to warn
claims arising in a context other than the transport of the hazardous product.
Thus, to construe the HMTA to preclude plaintiffs' tort claims would be an
unreasonable and contorted interpretation of Congress' intent in enacting the
HMTA, and this court declines to do so.

*Id.* at *6.

The stated purpose of the HMTA is 'to provide adequate protection against the risks to
life and property inherent in the transportation of hazardous material in commerce by

---

[1]The HMTA preempts non-federal regulation if it is "not possible" to comply with that
regulation and a federal regulation or the non-federal regulation presents an "obstacle" to accomplishing
and carrying out the federal framework. 49 U.S.C. § 5125(a). The HMTA also preempts state or local
requirements that are not substantively the same as federal requirements in five specified areas, including
hazardous material classification and packaging, the use of shipping documents, notification of
unintentional releases, and design and manufacturing standards for shipping containers. *See* 49 U.S.C. §
5125(b).

improving the regulatory and enforcement authority of the Secretary of Transportation.' 42 U.S.C. § 5101. While it authorizes the Secretary of Transportation to designate material as hazardous, and to prescribe regulations for the safe transportation of hazardous material, it does not provide for a private cause of action for damages for negligent transportation of hazardous material. The HMTA provides only for civil and/or criminal penalties for violations of the regulations pursuant to a civil action instituted by the Attorney General at the request of the Secretary.

*Riley v. Alabama Great Southern R.R. Co.,* 2002 WL 31175209 *2 (E.D.La. Sept. 27, 2002).

"For complete preemption, the regulations must 'cover' the same subject matter as the state law at issue.  To prevail on a claim that the regulations have a preemptive effect, defendant must show more than that they 'touch upon' or 'relate to' that subject matter, because 'covering' is a more restrictive term which indicates that preemption occurs only if 'the federal regulations substantially subsume the subject matter of the relevant state law.' *Id.* at *3.  While determining whether plaintiffs were negligent under state law may require reference to HMTA regulations, defendants fail to establish that plaintiffs' right to relief depends on resolution of a substantial question of federal law.[2]

IT IS THEREFORE ORDERED that plaintiffs' motion to remand [docket entry 5] is granted.  The Court remands this case to state court.

DATED this 10th day of January 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2]The Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*, has a savings clause which preserves a person's rights "under any statute or common law . . . to seek any other relief."  42 U.S.C. § 6972(f).